UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RAMON JACKSON,

        Plaintiff,

  v.

JONATHAN SCIFRES,

        Defendant.

Case No. 19-cv-1516-pp

---

**ORDER GRANTING SHERIFF DAVID BETH'S RULE 7(H) MOTION FOR PROTECTIVE ORDER (DKT. NO. 16), REQUIRING THE PARTIES TO BRIEF BETH'S REQUEST FOR AN AWARD OF EXPENSES, AND DENYING AS MOOT THE PLAINTIFF'S MOTION TO ASCERTAIN THE STATUS OF THE COURT'S RULING (DKT. NO. 20)**

---

The plaintiff, who is represented by counsel, filed a complaint against Kenosha County Sheriff's Deputy Jonathan Scifres after a December 13, 2018 traffic stop resulted in a prolonged incarceration. Dkt. No. 1. According the plaintiff, the defendant did not have a reasonable articulable suspicion when making the stop and violated the plaintiff's rights under the Equal Protection Clause of the Fourteenth Amendment. Id. at 1, 4. The court entered a scheduling order on December 6, 2019, dkt. no. 9, and a protective order on March 5, 2020, dkt. no. 11. The court granted the parties' joint motion for extension of time and set a deadline of March 23, 2021 by which to complete discovery, with dispositive motions due on April 23, 2021. Dkt. No. 13. Sheriff David Beth, a nonparty, since has filed a motion for protective order, dkt. no.

1

16, and the plaintiff filed a motion seeking to "ascertain the status" of Beth's motion, dkt. no. 20.

I. **Analysis**

Sheriff David A. Beth filed his motion under Civil Local Rule 7(h) (E.D. Wis.), asking the court for a protective order relieving him from appearing for a deposition. Dkt. No. 16. The motion does not indicate whether he has been served with a subpoena; it *does* say that the parties met and conferred in an attempt to resolve the dispute, dkt. no. 17, and in his response the plaintiff says that he wants to conduct the deposition, dkt. no. 22 at 3. Beth seeks the protective order because (1) he is not a party, (2) the plaintiff has not alleged that Beth was personally involved and (3) the plaintiff has not alleged a Monell claim. Dkt. No. 16 at 4. According to the plaintiff, Beth has "strong views"—views the plaintiff indicates Beth expressed at a January 25, 2018 press conference—and he wants to determine whether Beth's views are promoted within the department. Dkt. No. 22 at 2-3.

    A.    Standard of Review

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed . . . if it determines that . . . the discovery sought is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome or less expensive . . . or . . . the proposed discovery is outside the scope permitted

by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(i), (iii). Rule 26(c) allows any person from whom discovery is sought to move for a protective order in the court where the action is pending. Fed. R. Civ. P. 26(c)(1). The moving party must include a certification that the movant has in good faith conferred or attempted to confer with the other affected parties in an attempt to avoid court action. Id. "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Id.

In seeking the protective order, Beth also cites case law from this district holding that "high ranking officials enjoy limited immunity from being deposed in matters about which they have no personal knowledge." Warzon v. Drew, 155 F.R.D. 183, 185 (E.D. Wis. 1994); see also Enoch v. Tienor, No. 07-C-376, 2008 WL 410656, at *1 (E.D. Wis. Feb. 11, 2008) ("It is rarely appropriate for high-ranking government officials to be deposed."). In such cases, the party seeking to depose the official must demonstrate that (1) the particular official's testimony will result in admissible evidence; (2) the admissible evidence is crucial to the party's case; and (3) the evidence cannot be collected through another source." Warzon, 155 F.R.D. at 185. Judge Rudolph Randa cited this standard when granting a protective order to preclude the deposition of former Milwaukee Sheriff David Clarke. Estate of Perry v. Wenzel, No. 12-C-664, 2013 WL 4004226 (E.D. Wis. 2013) (where the sheriff was a defendant but the plaintiff had not alleged personal involvement or stated a claim against the sheriff in his official capacity).

3

B. Discussion

Beth has shown good cause for the protective order. The plaintiff did not name Beth as a defendant or allege that he had any personal involvement in the events described in the complaint. Dkt. No. 16 at 2. The plaintiff says that the defendant, as a commanding officer, reported to Beth and that Beth would have been involved in the defendant's "training, supervision, moral, advancement in the Sheriff's Office and would have set the tone and/or view of the Sheriff's Office." Dkt. No. 22 at 1. Although this argument would be relevant to a Monell claim, the plaintiff has not alleged a Monell claim and doesn't say that he intends to pursue such claim. The deadline for amending pleadings was February 3, 2020. Dkt. No. 9.

The plaintiff cites a January 25, 2018 press conference during which Beth commented on the arrest of five black men and women, calling them "a cancer on society" who "need to go away." Dkt. No. 22 at 2. The defendant arrested the plaintiff almost a year after this press conference and there does not appear to be any relationship between the arrested individuals and the plaintiff. The plaintiff states only that he wants to know whether Beth's views were promoted in the department and whether the defendant shares these views. Dkt. No. 22 at 3. During the press conference, Beth allegedly said:

> [W]e need to come up with laws that at a certain threshold, these people just disappear. We build large warehouses and we have individual cells, and we put them in it. We don't let them back out. We don't let them carjack cars while we're pumping gas at gas stations. We don't let them do drive-by shootings anymore. If they don't want to get a job, if they don't want to be an asset to society, we remove them from society. We don't let these people go out and have more children. We separate them. We put them in places. What

4

> we're doing is we're allowing our communities to be completely destroyed for our children and our grandchildren and the futures to come.
>
> We're allowing these people to come, in this case from Milwaukee, they come from Chicago, they come from even the inner city of Kenosha, they do crimes, and they get slapped on the wrist. And it's not the judge's fault. It's the way we have the laws set up. We're afraid of being politically incorrect. We're afraid of putting these people who hurt people, whether it be financially, physically, kill people, we allow them to continue to go in and out and in and out of the jail.
>
> I know jails cost money, but we need to warehouse these people. We should be able to eliminate the rec areas. Let's feed them. Let's keep them alive. We need to make it a place that no one wants to go. We need to make it a place that people like this no longer can hurt other people in our community.
>
> I'm fed up with it. I know the community is fed up with it. I know the state is fed up with it. I know this country is fed up with these people. To have a shooting go on and then have people riot and loot and burn and do things after a shooting goes on, these people have to be corralled up too and we just have to start taking the people that cause us harm and put them away and take them out of society.

Dkt. No. 22 at 3.

The plaintiff has cited no law and has not responded to the authority Beth cited in his motion. The court will grant the motion because the court cannot see how deposing Beth will reveal whether the *defendant* shared Beth's views. In the absence of any allegation that Beth was personally involved or claims that there was a custom or policy in the department, Beth's comments about an unrelated incident almost a year before the defendant's arrest either are irrelevant or, at best, far more prejudicial than probative of any intent on the part of the defendant. Nor is the court persuaded that the information is not available elsewhere. The plaintiff has Beth's statement, which he recited in

5

the motion. He can depose the defendant about the defendant's own views and training. The plaintiff had the ability to serve requests to admit and requests to produce documents and the plaintiff hasn't sought an extension of time to conduct discovery. The court will grant Beth's motion and deny as moot the plaintiff's motion to ascertain the status of the court's ruling on this motion. Dkt. No. 20.

Beth asks the court to award his expenses for filing the motion under Rule 37(a)(5)(A)(ii). Because the court is granting the motion for protective order, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A); <u>see also</u> Fed. R. Civ. P. 26(c)(3) (providing that "Rule 37(a)(5) applies to the award of expenses" in an action for protective order). The court will allow Beth to submit a statement of proposed fees and will give the plaintiff time to respond.

## II. Conclusion

The court **GRANTS** David E. Beth's Civil L.R. 7(h) expedited non-dispositive motion for protective order. Dkt. No. 16.

The court **ORDERS** that by the end of the day on **August 6, 2021**, Beth may file a statement of expenses by incurred in filing the motion. If the plaintiff wishes to respond, the plaintiff must do so by the end of the day on **August 20, 2021**.

The court **DENIES AS MOOT** the plaintiff's motion to ascertain status of the court's ruling. Dkt. No. 20.

Dated in Milwaukee, Wisconsin this 15th day of July, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**